NO. 07-10-00274-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
8, 2011

 



 

UNIFUND CCR PARTNERS, APPELLANT

 

v.

 

GUS MORELAND, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 2
OF TARRANT COUNTY;

 

NO. 2010-078591-2; HONORABLE SIDNEY C. FARRAR, JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Unifund CCR Partners
appeals the trial court’s order sustaining the plea to the jurisdiction of appellee Gus T. Moreland and dismissing the case.  We will reverse and remand the case to the
trial court for further proceedings.

Background

Unifund sued Moreland.  In its live petition Unifund
alleged: “In the usual course of business, CITIBANK SOUTH DAKOTA NA, advanced funds
to [Moreland] pursuant to credit card #5491130088816632.  [Unifund] is the
assignee of this credit card agreement.” 
On March 5, 2010, Moreland filed a plea to the jurisdiction alleging
“[w]ithout some admissible evidence of the
assignment, [Unifund] lacks standing to bring its
claims.”  Moreland filed no evidence
supporting his plea.

The clerk’s record contains Unifund’s response, with attached evidence, to Moreland’s
plea.  The response, under a cover letter
from Unifund’s attorney dated May 12, was received by
the county clerk on May 14, 2010.  On the
same day, the trial court signed an order dismissing the case for want of
jurisdiction.  In part, the order states
“[a]fter hearing arguments of counsel and reviewing
the documents filed in this cause, the Court finds that [Moreland’s] Plea
should be GRANTED.”  Unifund
did not file a motion for new trial but timely perfected this appeal.

                                                                        Analysis

            Today,
on virtually identical facts and arguments,[1]
we decided Unifund CCR Partners v. Watson, No. 07-10-0273-CR
(Tex.App.--Amarillo, Apr. 8, 2011).  Based on the reasoning and conclusions
expressed by our opinion in Watson,
we hold in the present case Unifund sufficiently
plead its standing by alleging it was the assignee of Moreland’s credit card
account.  When, by plea to the
jurisdiction Moreland challenged the facts supporting Unifund’s
allegation, Moreland was obligated to present evidence conclusively negating
the challenged allegation.  See Texas
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004)
(the standard generally mirrors that of a traditional motion for summary
judgment); Tex. R. Civ. P. 166a(c).  But
Moreland offered no evidence and therefore did not discharge his evidentiary
burden.  Thus it was unnecessary for Unifund to present a response with evidence sufficient to
establish the existence of an issue of fact on its claimed status as assignee
of Moreland’s account.  As we further
concluded in Watson, we also conclude
here Unifund’s claim of error was sufficiently
preserved for appellate review and it was unnecessary for Unifund
to bring forward a court reporter’s record of the plea to the jurisdiction
hearing conducted by the trial court. 

            We
sustain Unifund’s issue and remand the case to the
trial court for proceedings consistent with this opinion.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

 

            








 











[1] Watson and Moreland are represented by the same
attorney.  Unifund,
likewise, appears in both cases by the same attorney.  The briefs filed in the two cases are
essentially mirror images.